**People of the State of Illinois, Plaintiff-Appellant, v. Douglas C. Miezio, Defendant-Appellee.**

Gen. No. 68–78.

Second District.

December 18, 1968.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and J. Michael Fitzsimmons, Jr., Assistant State's Attorney, for appellant.

No brief filed or appearance made in behalf of appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of DuPage County. Defendant was charged with driving an automobile while his license was suspended, a violation of section 6–303, chapter 95½, Ill Rev Stats. At the time of the trial, the defendant moved to suppress the evidence and dismiss the complaint on the authority of the recent decision of this court in People v. Harr, 93 Ill App2d 146, 235 NE2d 1. This motion was granted and the State prosecutes this appeal.

On the night of March 4, 1968, at approximately 11:00 p. m. the defendant, Douglas C. Miezio, was operating his automobile on Main Street in the Village of Glen Ellyn in DuPage County. A police officer of that village noticed that the car bore no license plates and stopped the car for that apparent traffic violation. Defendant had just purchased the car and had applied for license plates. Defendant, however, could not produce his driver's license and a check with the Secretary of State's office revealed that his driver's license had been suspended effective December 6, 1964, under the provisions of the Financial Responsibility Law, chapter 95½, section 7A–101, et seq. (Ill Rev Stats). Defendant did not have a license or a permit to operate a motor vehicle in the State of Illinois.

On this appeal no appearance or brief has been filed by the appellee. When a party who prevails in the trial court does not appear or file a brief, the court is authorized to reverse and remand the case without further consideration or discussion. Latronica v. Latronica, 97 Ill App2d 332, 333, 240 NE2d 458. Such result, however, is not required.

As we mentioned, the trial court dismissed this action based on our recent decision in People v. Harr, supra. In that case the police officer had observed the defendant's motor vehicle coming out of an area adjacent to a gas

station that had been closed for the night. The arresting officer stated the vehicle and driver appeared suspicious, and, since he had not seen the vehicle in the vicinity before, he made a routine stop to determine who the defendant was, where he was going and where he had been. He arrested the defendant for failure to have a driver's license when the license produced by the defendant proved to be an expired license. The State on appeal relied upon the provisions of chapter 95½, section 6–118 (Ill Rev Stats 1965), which provisions in substance provide that every licensee shall have his license in his immediate possession at all times and shall display it upon request. In attempting to justify requiring defendant to produce his license based on that statutory provision, it was apparent, however, that the police officer had not stopped the defendant for the purpose of enforcing that section of the motor vehicle law or for any other section of the motor vehicle law.

■ That case, as the one before us, involves the question of reasonable search and seizure and the constitutional protection from unreasonable search and seizure which every citizen has the right to enjoy under the Fourth Amendment to the U. S. Constitution. In the Harr case there had been no violation of either Federal, State or local law. In the case before us, the defendant was driving a motor vehicle without license plates, a violation of the Illinois motor vehicle law. While the charges against him were only that he was driving without an operator's license, we should note that not only had his operator's license been suspended, the State had also suspended his right to own license plates for an automobile and the right to have an automobile registered in his name. The suspension of these rights was still in effect at the time of the arrest.

■■ We believe that the distinguishing feature between the instant case and the Harr case is one that was drawn very clearly in Terry v. Ohio, 392 US 1, 20 L Ed2d

889, 907, 88 S Ct 1868. In that case it was pointed out that the crux of the case was not the propriety of the arresting officer to investigate petitioner's suspicious behavior, but rather whether there was justification for the invasion of petitioner's personal security by conducting a search. In the Harr case we held that the demand to produce a driver's license was in effect an invasion of petitioner's personal security and that the suspicions of the officer were based on an unparticularized suspicion or a hunch that the defendant may have been up to no good. The officer's conduct must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures. In short, the question in applying the test of reasonableness is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe that the action taken was appropriate.

In People v. Galloway, 7 Ill2d 527, 535, 131 NE2d 474, the test was stated as follows:

> "The belief induced in the mind of an officer must be a reasonable belief and must appear on subsequent inquiry to have been founded on such facts as would, in the mind of a reasonable man, give rise to a suspicion that the prisoner is guilty of or implicated in a crime. A mere suspicion in the mind of an officer not so supported will not justify a search."

Therein lies the distinction between the Harr case and the case before us. In the Harr case, there was at most a "mere suspicion in the mind of an officer." The officer in the case before us had what appeared to be and was in fact a clear violation of the law.

In People v. Brown, 38 Ill2d 353, 358, 231 NE2d 577, the arresting officer stopped the driver of an automobile for lack of license plates. He further discovered that the driver had neither a driver's license nor a certificate of registration for the automobile. In the back seat the

401

officer discovered merchandise which the driver could not readily explain. A search of the trunk of the car revealed stolen merchandise and the defendants were found guilty of theft. On appeal to our Supreme Court, the sole issue was whether defendant's motion to suppress the evidence, that is, the stolen merchandise, should have been allowed. In that case the Court concluded after examining the record that the arresting officer had valid reason to suspect at the very least that the automobile driven by defendant had been stolen and it was the duty of the officer when confronted with such circumstances to investigate to determine whether criminal activity in fact existed.

To sustain the lower court on the facts before us would go directly contrary to People v. Brown, supra, and Terry v. Ohio, supra. The decision of the lower court to suppress the evidence and dismiss the charge is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MORAN and SEIDENFELD, JJ., concur.