2 Ill. App.3d 80 (1971)
276 N.E.2d 112
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant,
v.
PETER CARUSO, a/k/a PETER BUSCH, Defendant-Appellee.
No. 55261.
Illinois Appellate Court  First District.
October 12, 1971.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Elmer Kissane, and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.
Order reversed and cause remanded.
Mr. JUSTICE SCHWARTZ delivered the opinion of the court:
Pursuant to Supreme Court Rule 604 the State appeals from an order of the trial court suppressing evidence of illegal gambling activities.
No brief has been filed by defendant, but in accordance with our practice we will examine the merits of this appeal. (Lynch v. Wolverine Ins. Co., 126 Ill. App.2d 192, 261 N.E.2d 466.) The evidence in question consisted *81 of articles seized by police officers on the basis of information received from agents of the Federal Bureau of Investigation, who found the articles while executing a Federal search warrant for stolen property. The facts follow.
On October 23, 1969, FBI agents went to the home of John Tamburello at 3521 Lincoln Avenue, Franklin Park, Illinois, to conduct a search for stolen property pursuant to a warrant issued by a United States Commissioner. While they were conducting a search of the premises, the telephone rang and FBI agent Robert Davidson answered it on an extension in the kitchen. He overheard the caller ask, "Are the results in for today?" and the response, "Call back later." Davidson resumed his search and upon entering a rear bedroom observed the defendant Peter Caruso. There was a desk in the room on which Davidson saw a telephone and an electric blender which was turned on. Strewn on top of the desk were racing forms, newspapers and numerous slips of paper with numbers and figures written on them. Shortly thereafter the telephone rang again and Davidson, who was in the vicinity of the kitchen, answered on the extension phone. He heard the caller say, "This is 510, give me 9-4-2 in the tenth. Are the results in for today?" Davidson told the caller to check back in about five minutes and hung up. At the hearing on defendant's motion to suppress, Davidson testified that after the second telephone call, he went back to the rear bedroom where he saw scraps of paper in the liquid contents of the electric blender. He could not determine however what had been written on them. The Franklin Park police were notified and when they arrived, they arrested the defendant and seized the slips of paper and the racing publications. The trial court granted defendant's motion to suppress the slips of paper on the ground that since the police officers did not know what was written on them, they could not be regarded as contraband in plain view. The State's sole contention on appeal is that the police officers had reasonable ground to believe the slips of paper were evidence of illegal gambling and that it was therefore proper for the police to seize them.
 1-4 Police officers may lawfully seize articles in plain view which, due to the surrounding circumstances, they reasonably believe constitute evidence of criminal activity. (People v. Sprovieri, 43 Ill.2d 223, 252 N.E.2d 531; People v. McCracken, 30 Ill.2d 425, 197 N.E.2d 35.) The test of reasonableness with respect to a search or seizure is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe the action taken was appropriate. (People v. Miezio, 103 Ill. App.2d 398, 242 N.E.2d 795.) In the instant case the information possessed by the Franklin Park police officers at the moment of seizure consisted of Davidson's report on the *82 nature of the telephone conversations, the discovery of defendant in a back bedroom near a telephone, the observation of racing forms and newspapers in the bedroom and the observation of numerous slips of paper with notations thereon scattered on top of a desk and immersed in the contents of an electric blender. Under such circumstances the police officers properly seized the slips of paper found in defendant's presence as circumstantial evidence of criminal activity. The inability of police officers to positively identify slips of paper as record evidence of bets does not render a seizure unlawful where surrounding circumstances give rise to a reasonable belief that such slips of paper constitute evidence of a crime.
Accordingly the order of the trial court suppressing evidence is reversed and the cause is remanded for such other and further proceedings as are not inconsistent with the views herein expressed.
Order reversed and cause remanded with directions.
LEIGHTON, P.J., and STAMOS, J., concur.