THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. HARVEY HOLT, Defendant-Appellee.

(No. 59448;

First District (2nd Division)—February 13, 1974.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mary Dienes, Assistant State's Attorneys, of counsel), for the People.

Lawrence E. Kennon, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Harvey Holt, was charged with attempt rape, armed robbery, and aggravated battery. The trial court sustained defendant's motion to suppress certain items of physical evidence, namely, a revolver and a pair of trousers. The State, pursuant to Supreme Court Rule 604(a)(1), appeals only that part of the order regarding the trousers. Although no brief has been filed by defendant, the practice of this court has been to consider the merits of such appeals.* (*People v. Caruso*, 2 Ill.App.3d 80, 276 N.E.2d 112.) At the hearing on defendant's motion to suppress, the following evidence, relevant to the issue on appeal, was presented:

At approximately 6:30 A.M. on October 24, 1971, Josephine Peek was the victim of an armed robbery, aggravated battery, and attempt rape. The attack was observed and interrupted by a neighbor who endeavored to capture the assailant. In fleeing, the assailant slipped and fell on a muddy patch of ground. The neighbor was unable to apprehend the assailant, but he did retrieve and turn over to police an address book and a knife from where the assailant fell in the mud.

■■ After learning that the address book belonged to Harvey Holt, Police Investigator Storck and other officers went to Holt's apartment at 12:00 noon on the same day the offense was committed. According to Officer Storck, the defendant admitted the officers into his apartment, and after inquiry, stated that the address book belonged to him. Holt was arrested and immediately thereafter, the officer, from where he was standing, saw a pair of trousers on the bed in the adjacent bedroom; he noticed that the arrestee was dressed only in underwear and was not wearing trousers. Storck testified that as he observed the trousers on the bed, he recalled that the assailant had fallen into mud while escaping, and that the victim had received wounds causing her to bleed. However, it was not until Storck walked into the bedroom, that he actually saw bloodstains and mud on the trousers.

Defendant denied that the trousers were on the bed, but gave conflicting testimony as to their exact location. On direct examination, defendant said the trousers were on a chair behind the bedroom door

---

* Notice of Appeal was mailed to defendant and his trial counsel.

that could be seen only by opening the door all the way and looking behind it. On cross-examination, he testified that anyone entering the bedroom could see the trousers on top of the chair. His testimony did indicate, however, that one standing in the officer's position at the time of the arrest could see part of the bed, albeit not the entire bedroom.

After argument and the submission of memoranda, the trial court held that the seizure of the trousers was unlawful, basing its ruling on *Chimel v. California,* 395 U.S. 752, which held that a search of a dwelling incident to arrest must be limited to the area within the immediate control of the arrestee at the time of the arrest.

On appeal, the State argues that the trial court erred in applying the rule of *Chimel* to evidence which was in plain and open view at the time of defendant's arrest.

The trial court based its ruling on the well-known permissible exceptions to, and limitations of, a warrantless search incident to a valid arrest. (*Chimel v. California, supra.*) However, an equally well-recognized exception to the warrant requirement is that police officers may lawfully seize articles in plain view which, due to the surrounding circumstances, they reasonably believe constitute evidence of criminal activity. (*Harris v. United States,* 390 U.S. 234; *People v. Sprovieri,* 43 Ill.2d 223, 252 N.E.2d 531; *People v. McCracken,* 30 Ill.2d 425, 197 N.E.2d 35; *People v. Caruso, supra.*) Although the "plain view" exception to the warrant requirement is often-times intimately linked to the search-incident-to-arrest exception, the doctrine of plain view is not in conflict with the law of search incident to a valid arrest as expressed in *Chimel.* Consequently, an arresting officer may seize evidence within a dwelling that inadvertently comes into plain view, even though outside of the area under the immediate control of the arrestee. (*Coolidge v. New Hampshire,* 403 U.S. 443, 465-466, n. 24.) Accordingly, if the seizure of the trousers falls within the purview of the open view doctrine, the trial court erred in suppressing them.

■■ That an item is in plain view is not sufficient by itself to justify the warrantless seizure of evidence. In addition, the officer must view the evidence from a position where he has the right to be (*Harris v. United States, supra; People v. Wright,* 41 Ill.2d 170, 242 N.E.2d 180), and further, the facts and circumstances known to the officer at the time he acts must give rise to the reasonable belief that the item seized constitutes evidence of criminal activity. (*People v. McCracken, supra; People v. Caruso, supra.*) The test of reasonableness with respect to search or seizure is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe the action taken was appropriate (*People v. Caruso, supra; Peo-*

*ple v. Miezio,* 103 Ill.App.2d 398, 242 N.E.2d 795.); and the conclusions drawn by the officer should be judged upon "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *People v. Hester,* 39 Ill.2d 489, 514, 237 N.E.2d 466, citing *Brinegar v. United States,* 338 U.S. 160, 175.

Turning from these general propositions to the record before us, we initially note the trial court's finding that the officers had probable cause to enter defendant's apartment and arrest him; and that at the time of the arrest the officers could see the trousers in plain view. Therefore, the trousers were in plain view from a position where the officers had a right to be.

■■ The decisive issue, then, is whether the officers had probable cause to reasonably believe that the trousers were evidence of criminal activity. Chronologically, the reasonableness of the officers' act must be gauged not when he entered the room and actually observed the bloodstains and mud, but at the time when the trousers were first viewed. At this earlier point in time, the record indicates that the seizure of the trousers was motivated by the officer's knowledge of the following: the address book was found near a muddy patch of ground where the assailant had slipped; the defendant admitted ownership of the book; when Officer Storck saw the trousers lying on the bed, and noticed that defendant was wearing underwear, he was aware that the offender had fallen into the mud only a few hours before in his attempt to escape from the scene of the crime, and that the victim had bled. Under these circumstances, the officers had a sufficient basis to believe that the trousers constituted evidence of the crimes for which defendant was arrested (*People. v. Caruso, supra.*); we conclude, therefore, that the seizure was not unreasonable.

Accordingly, the order of the trial court as to the trousers is reversed and the cause remanded for such other and further proceedings as are not inconsistent with the views herein expressed.

Reversed and remanded.

LEIGHTON and DOWNING, JJ., concur.