THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LARRY BOHANNON *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 62283-85 cons.

Opinion filed May 6, 1976.

490

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, and Marc S. Tobias, Law Student, of counsel), for the People.

No brief filed for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants were charged with criminal possession of auto components with the manufacturer's identification number removed. (Ill. Rev. Stat. 1973, ch. 95½, par. 4—102.) Pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1969, ch. 110A, par. 604), the State appeals from an order of the circuit court of Cook County sustaining defendants' motion to suppress certain evidence. In view of appellees' failure to file a brief in this court, we have accepted appellant's recitation of the facts in its brief as accurate. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On December 21, 1974, Officer Richard Busch of the Chicago Police Department, the sole witness at the hearing on the motion to suppress, received a simulcast anonymous telephone call that an automobile was being stripped at the rear of 1318 West 112th Place in Chicago. Busch responded and proceeded to the location. Pulling up in the alley, he saw a garage at the rear of the premises. While still in the alley, he heard the sound of a gas propane torch from inside the garage, a sound with which he was familiar. Busch also heard voices in the garage. The garage was boarded up, but he could see light through the side of the boards. Busch knocked on the door, and two men, defendant's Bohannon and Warren, stepped out of the garage. In response to the officer's preliminary questions, the pair said they did not live there, did not know who lived on the premises, and did not reply when asked what they were doing there. Busch then went to the home located at the front of the premises and knocked on the door. When no one responded, he assumed that no one was at home. Busch then returned to the garage. Because the door to the

garage was open, and the two men were standing outside the garage door, Busch was able to see inside. Though the lights were out in the garage, Busch from the outside was able to identify parts of an automobile frame, several auto tires, a dash board, and other auto parts. In response to the officer's question, the two men replied that they did not know who owned the property in the garage. Thereupon, Busch turned on the light in the garage, entered, and recovered the evidence he had seen while standing outside. It was this evidence which the trial court ordered suppressed.

The test of reasonableness with respect to a search or seizure is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe the action taken was appropriate. (*People v. Miezio* (1968), 103 Ill. App. 2d 398, 242 N.E.2d 795.) The conclusions drawn by the officer should be judged "upon factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." *People v. Hester* (1968), 39 Ill. 2d 489, 514, 237 N.E.2d 466.

The uncontradicted testimony of the officer does not warrant repetition. However the totality of the present circumstances reveals that the facts available to the officer at the time of the seizure demonstrate that the action taken by him was appropriate. He had probable cause to believe that criminal activity was taking place. The fact that the officer was unable to positively identify the parts of the vehicle he first saw from outside the garage as evidence of the crime charged does not render a seizure unlawful where surrounding circumstances give rise to a belief that those parts constituted evidence of a crime. See *People v. Caruso* (1971), 2 Ill. App. 3d 80, 276 N.E.2d 112.

Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and remanded.

MEJDA, P. J., and DEMPSEY, J., concur.