THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSE LOZADA, Defendant-Appellee.

First District (5th Division)   No. 77-723

Opinion filed November 23, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Thomas X. Smith, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

■■ Pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)), the State appeals from an order of the circuit court of Cook County granting defendant's motion to quash a search warrant and suppress evidence. The State contends that the trial court erred in sustaining defendant's motion. Defendant has not filed a brief in this court, but such failure does not prevent us from considering the merits of the appeal. *People v. Bohannon* (1976), 38 Ill. App. 3d 489, 348 N.E.2d 249.

The complaint for search warrant requested the issuance of a search warrant to search the person of Jose Lozada and to seize gambling paraphernalia and currency from certain premises in connection with the offense of gambling. The complaint was presented to Judge Jose Vasquez and his signature appears thereon; it was dated "8-3-1976." The search warrant was also signed by Judge Vasquez but no date appears to show when he signed it. On the line designated on the face of the warrant for time and date of issuance, the warrant reads: "2:40 p.m. Chicago, Ill." The back of the warrant shows that Officer John Bribiesca, who was the complainant, executed the warrant on August 3, 1976. On the front of the warrant, in the left-hand margin, are the words "Owen #74663 8/3/76."

At the hearing on the motion to quash, Officer John T. Bribiesca testified that he completed the complaint and presented it and the warrant to Assistant State's Attorney Gregg Owen for approval. After having the documents approved, he presented them to Judge Vasquez. The judge signed both documents. All these events occurred on August 3, 1976. The officer further testified that he executed the warrant on the same date.

The trial court disregarded his testimony because it agreed with the defense that the State could not present extrinsic evidence to explain the absence of a date. The trial court sustained the motion on the grounds that

because no date appeared on the warrant, it could not be ascertained if the warrant was served within 96 hours from the time of issuance, as required by section 108—6 of the Code of Criminal Procedure. Ill. Rev. Stat. 1975, ch. 38, par. 108—6.

The court's reliance on *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied*, 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, and its companion case, *People v. Mitchell* (1970), 45 Ill. 2d 148, 258 N.E.2d 345, *cert denied*, 400 U.S. 882, 27 L. Ed. 2d 120, 91 S. Ct. 117, is misplaced. (See *People v. Wilson* (1972), 4 Ill. App. 3d 766, 281 N.E.2d 740.) *Bak* and *Mitchell* held that defendant has no right to controvert the matters declared under oath which occasioned the finding of probable cause and the issuance of a search warrant by a judicial officer.

■■ The testimony in this case was not presented to dispute the allegations of probable cause in the complaint. It was offered to correct an omission on the face of the warrant. Section 108—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 108—14) provides: "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." We find in the present factual situation that the omission on the face of the warrant was a technical irregularity not affecting defendant's substantial rights and that the trial court erred in granting defendant's motion to quash. See *People v. Hammond* (1974), 18 Ill. App. 3d 693, 310 N.E.2d 485; *People v. La Valley* (1972), 7 Ill. App. 3d 1051, 289 N.E.2d 45; and *People v. Harrison* (1967), 83 Ill. App. 2d 90, 226 N.E.2d 418.

The trial court unnecessarily restricted the scope of the hearing by refusing to consider testimony which cured the technical error. Because the police officer's uncontroverted testimony shows that the warrant was issued and executed on the same day, defendant has no claim that it was not executed within 96 hours from the time of issuance.

Accordingly, the order of the circuit court of Cook County quashing the search warrant and suppressing evidence is reversed and the cause remanded.

Reversed and cause remanded.

LORENZ and MEJDA, JJ., concur.