THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM SULLIVAN, Defendant-Appellant.

Third District   No. 77-447

Opinion filed April 5, 1979.—Modified on denial of rehearing July 9, 1979.

534

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a bench trial the defendant, William Sullivan, was found guilty of burglary and sentenced by the circuit court of Peoria County to a term of not less than 2 nor more than 4 years in the penitentiary. On petition for rehearing, the previous opinion has been withdrawn and modified and consequently, the petition for rehearing is denied.

On June 10, 1977, at approximately 1 a.m., Officer Chris Lavin of the Peoria Police Department was patrolling west on Lake Street. As he passed the front parking area of the Sheridan Village Shopping Center, he

observed a car off to his left. The car, parked with its lights on, was approximately 10 yards from three or four semitrailers. The trailers were parked end-to-end parallel to Lake Street, but had no tractors attached. Although there was a carnival set up in the immediate area, Officer Lavin did not know to whom the trailers belonged. He saw no other persons or vehicles in the immediate area.

Upon seeing the parked car, Officer Lavin stopped his car across from the lot, approximately 25 yards away, and turned his lights off in order to observe the car and any activities relating to it. After seeing the car back up and start across the parking lot, Officer Lavin shined his spotlight towards the rear of the trailers to see if any of them had been tampered with. He noticed that one trailer was open about two feet, but did not notice any signs of forcible entry or disturbance otherwise.

The vehicle pulled out of the parking lot onto Lake Street, made a right turn and began to proceed eastbound at a reasonable rate of speed. At no time did the driver violate any traffic regulations.

Officer Lavin stopped the car approximately 25 yards from the parking lot exit it had used. He approached the driver's side of the motor vehicle and asked the driver, the defendant, for some identification. The driver was unable to produce any identification or driver's license. While so positioned, Lavin observed a 12-pack of Busch beer on the floorboard of the passenger side of the car. He asked the driver to step out of the vehicle. As the driver left the vehicle, he noticed an open can of beer on the floorboard of the driver's side of the car. He placed the open can of beer and 12-pack on top of the car. He then made a search of the area of the car under the passenger seat and discovered a blue vinyl box with the name of a "Doctor Heer" imprinted on the front. Officer Lavin then radioed the Communication Division of the Peoria Police Department. He later phoned Dr. Heer at home and determined Dr. Heer's office had been burglarized. A further detailed search of the entire vehicle, including its trunk, was then conducted. Items found in the car were identified by Dr. Heer to have been stolen from his office which had been burglarized sometime between the evening of Tuesday, June 7, 1977, and 7:30 a.m. of the following day. After a search of the car had been made, an inspection of the trailers was made by assisting officers. They found nothing had been disturbed.

A motion was filed to suppress evidence regarding the items seized in the search of defendant's car, alleging that the officers conducting the search had no warrant for arrest or search and that no probable cause existed to stop the defendant or search his vehicle. This motion was denied.

After defendant waived his right to a trial by jury, a stipulated bench trial was held. At the proceeding, the State presented its case by stating

the various facts it felt would be brought out in the testimony of its witnesses. These facts were sufficient to establish beyond a reasonable doubt a burglary of the doctor's office by the defendant. The defense presented no evidence at the proceedings.

On this appeal the defendant makes two assignments of error. First, the stipulated bench trial amounts to a plea of guilty and should be vacated because of the trial court's failure to admonish him of his constitutional rights as required by Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), and second, the court erred in refusing to suppress the evidence because the search and seizure was not incident to an arrest for probable cause and the officer did not have either an arrest warrant or a warrant to search the vehicle. We affirm.

In support of his contention that a stipulated bench trial is tantamount to a plea of guilty requiring admonishment by the court in accord with Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)), defendant relies primarily on three cases: *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872; and *People v. Ries* (1975), 28 Ill. App. 3d 698, 329 N.E.2d 243. The People on the other hand have called our attention to such cases as *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865; *People v. Collins* (1976), 37 Ill. App. 3d 202, 345 N.E.2d 730; *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51; and *People v. Young* (1974), 25 Ill. App. 3d 629, 323 N.E.2d 788, in which stipulated bench trials were not considered pleas of guilty requiring admonition.

Since a guilty plea waives all errors except those of a jurisdictional nature (*People v. Jackson* (1970), 47 Ill. 2d 344, 265 N.E.2d 622), interest has developed in the stipulated bench trial procedure. This procedure avoids the waiver rule, but still permits the parties to proceed with the benefits and conveniences of a guilty plea procedure. This is particularly true where a defense depends upon the admissibility of evidence and the issue has been disposed of adversely to the defendant in a pretrial procedure.

In *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108, a case discussed by both parties, the court held the stipulated bench trial did not constitute a plea of guilty, and the court attempted to fashion a rule which would both harmonize the precedents and form a framework for determining whether stipulated bench trials were or were not tantamount to pleas of guilty. The general principle which the opinion in *Russ* seeks to implement is the notion that if the trial court is exercising its function of determining guilt or innocence, then no guilty plea is involved. Conversely, if the court is not deciding guilt or innocence, then the procedure is tantamount to a guilty plea. According to *Russ*, if there is a genuine defense or a purported defense either actually established or

included in the stipulation, then the proceeding is not equivalent to a plea of guilty. If no defense is revealed either actually or by the stipulation, then there is nothing for the court to decide and the procedure is tantamount to a plea of guilty.

In *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865, and *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51, a rationale consistent with that employed in *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108, was employed to support the conclusion that pretrial proceedings to suppress evidence were included in the stipulation so that errors in the rulings should be deemed a defense and the procedure did not constitute a plea of guilty.

■■ In the instant case the stipulation included what the arresting officer would have testified to about the initial arrest, discovery and seizure of the stolen property and included the issue whether such evidence was admissible even though the defendant's claim to the contrary had been previously denied. We believe the reasoning and results in such cases as *Ford* and *Fair* offer ample support for the action of the trial court in this case, and we hold that no admonishments were required.

However, we are constrained to note several problems which we do not believe have been completely resolved. The first of these problems relates to the interpretation of *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, and the conclusion that it is harmonious either with the rationale that no defense was presented or that the nature of the stipulation set the case apart. See, *e.g., People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108.

In *Smith* the defendant initially pleaded guilty to several misdemeanor offenses and was sentenced therefore as an adult. Within minutes the defendant's mother advised the defendant's appointed counsel that defendant was 16 and pursuant to the agreement of the People and defense counsel, the convictions were vacated and the defendant's case was transferred to the juvenile department of the court for proceedings consistent with the Juvenile Court Act. Apparently proceedings ensued to have defendant treated as an adult, and he was thereafter charged with armed robbery in the criminal court. The defendant moved to have the indictment dismissed on account of double jeopardy which motion was denied. A stipulated bench trial thereafter took place resulting in defendant's conviction and sentence for armed robbery. On appeal the defendant argued that the prosecution for armed robbery was barred on account of double jeopardy since he initially had been convicted of the lesser included misdemeanor charges although those convictions had been subsequently vacated. The court rejected the double jeopardy argument, but did hold that the State should not be permitted to charge the defendant with armed robbery since increasing

the severity of the charge in effect constituted unwarranted punitive action against the defendant for the exercise of his constitutional rights, *i.e.*, to have the case considered under the Juvenile Court Act. It should therefore be noted that the principal and critical issue decided by the court in *Smith* was that the defendant should not have been and could not be charged with armed robbery. Thus, its observations regarding the stipulated bench trial were unnecessary to its opinion, making efforts to harmonize and understand the holding difficult and somewhat speculative. The *Smith* court applied the rule announced in *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872, which held that the defendant for all practical purposes had pleaded guilty to a lesser included offense and the entire procedure in *Stepheny* was somewhat confusing. Since there was a defense of double jeopardy in the *Smith* case and the court made no effort to discuss this fact as it might relate to the propriety of a stipulated bench trial without admonishments, the distinctions pointed out in *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108, are not persuasive. Rather, it seems to us the observations regarding this subject in *Smith* are of little assistance one way or the other in resolving the question in the instant case or in such cases as *Russ, Ford* or *Fair.*

One further problem should be noted. A stipulated bench trial procedure is quite similar to the presentation of a factual basis for the offense charged which is presented in a guilty plea case. The question arises as to whether because of the similarity in procedure, the better practice would be that the defendant should be admonished in order to avoid confusion or misunderstanding. Since the stipulated bench trial procedure is in many cases designed to avoid some of the disadvantages in a guilty plea procedure, *i.e.*, waiver of errors other than those relating to jurisdiction, any distinction based on whether the court is or is not deciding guilt or innocence seems difficult to apply. Requiring admonitions would avoid the effort.

Next, the defendant argues the trial court erred in declining to suppress the items seized after a search of the car. His first objection is the stop of the car was improper and second, the seizure of the items of stolen property discovered in the search of the car was improper.

■■ Codifying *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 107—14) provides, "the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense * * *." Under this section of the statute the officer must have more than a hunch and more than curiosity (*People v. Harr* (1968), 93 Ill. App. 2d 146, 235 N.E.2d 1), or more than a suspicion (*People v. James* (1976), 44 Ill. App. 3d 300, 358 N.E.2d 88).

To justify the stop there must be specific articulable circumstances justifying the reasonable inference that a person may have committed an offense. *People v. McGowan* (1977), 69 Ill. 2d 73, 370 N.E.2d 537, and *People v. Housby* (1975), 26 Ill. App. 3d 92, 324 N.E.2d 465.

■ Applying the foregoing rules, it is our opinion the stop was justified. To start with, we have a car stopped in a shopping center parking lot during the middle of the night at a time when no other cars are present and there is no apparent reason for its presence at that time and place. The car is parked near several semitrailers. Shortly after, a police car stops so the officer can observe the car and it leaves the parking lot, again without any apparent reason. As the car is leaving the parking lot, the police officer, by using his spotlight, discovers a door on one of the trailers is partially opened. We believe these specific facts were sufficient to create a reasonable inference in the officer's mind that the occupant of the car may have stolen something from the trailer. Under these circumstances the precedents support the conclusion the stop by the officer was proper.

Defendant further argues that even if the stop was proper and the discovery and seizure of the beer was appropriate, nevertheless, the seizure during the search of the car of items later determined to have been stolen was improper.

In *People v. Holt* (1974), 18 Ill. App. 3d 10, 309 N.E.2d 376, the court observed:

> "* * * The test of reasonableness with respect to search or seizure is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe the action taken was appropriate [citations]; and the conclusions drawn by the officer should be judged upon 'factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.'" 18 Ill. App. 3d 10, 12-13, 309 N.E.2d 376, 378.

As was noted earlier, the occupant of the car had no operator's license and no identification. Additionally, the officer saw the open can of beer and other beer in the car and the occupant was charged with these offenses at the time. A search of the car revealed the vinyl box with a doctor's name imprinted thereon. It is defendant's theory that even though the officer properly discovered the box, he could and should not have been permitted to do anything else about it. We do not agree.

■ Having discovered the item under the front seat, we find no reason why the officer should not have been permitted to make inquiries about it from the doctor indicated on the box. Although the item itself was not contraband, it was not an item likely to be found under the seat of a car and, in view of all the circumstances, contacting the doctor whose name

540

was imprinted on the box was reasonable. It should be recalled that the initial stop was because of the officer's belief that a burglary of the trailer had occurred. The ensuing events prior to the discovery of the box offered additional circumstances warranting the officer's conduct regarding the box. Unlike the possession of an ordinary television set as in *People v. Mullens* (1978), 66 Ill. App. 3d 748, 383 N.E.2d 1369, we believe that the possession of a doctor's box warranted the actions taken by the officer after its discovery.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.