THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN WRIGHT, Defendant-Appellant.

Fifth District    No. 79-137

Opinion filed February 4, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Following a bench trial in the Circuit Court of Madison County, defendant Steven Wright was found guilty of unlawful possession of cannabis and unlawful possession of a controlled substance and was sentenced to two consecutive terms of two years' probation on the

condition that he serve the first 30 and the last 60 days of the probationary period in the county jail. On appeal, defendant challenges the conviction and sentence, contending that the mere sight of two hand-rolled cigarettes did not furnish the arresting officer with probable cause to believe that they contained cannabis; that after the discovery of the hand-rolled cigarettes, the arresting officer conducted an in-custody questioning of the defendant without having first supplied *Miranda* warnings; that the second warrantless search of defendant's car cannot be justified under the "automobile exception" to the warrant requirement; that the statute under which defendant was convicted is unconstitutional because the penalty for both possession and delivery of the controlled substance could be the same; and that the imposition of the 60-day jail sentence, to be served during the last 60 days of the two-year probation term, was improper.

About 1:40 a.m. on August 1, 1978, Officer Sparks of the Granite City police department observed a group of young adults gathered by their cars at a Burger King Restaurant parking lot. Upon viewing one member of the group drinking from a beer can, Officer Sparks contacted Officer Apperson and informed him of what he had seen. The two decided to investigate further because it was a violation of a city ordinance to have open beer in a public place.

The officers went back to the lot and, upon finding no member of the group with any open beer in their possession, proceeded to check the cars for beer cans. During this process, Officer Apperson looked into defendant's automobile through the passenger door window and saw two hand-rolled cigarettes on the console between the front seats. The lot was well lighted and the officer could see clearly the hand-rolled cigarettes without the aid of a flashlight. According to Apperson, he did not see any marijuana sticking out from the ends of either cigarette nor could he see through the "plain, ordinary white cigarette wrapping paper." When asked on cross-examination what distinguished the confiscated cigarettes from any other hand-rolled cigarettes, Apperson replied: "Just the fact that I have never found a hand-rolled cigarette that was tobacco on anyone. They were always marijuana. We have tailor-made cigarettes that people smoke now." He acknowledged that the cigarettes looked like "ordinary hand-rolled cigarettes" but believed that "no one smoked hand-rolled cigarettes anymore" and that the cigarettes taken from defendant's car contained marijuana. The officer testified further that the defendant was not free to leave and that he believed he could have arrested defendant.

Officer Apperson then walked around to the driver's side of defendant's automobile, confiscated the hand-rolled cigarettes and asked the group to whom the car belonged. Defendant answered that it was his

car. According to Officers Apperson's and Spark's testimony, after confiscating the hand-rolled cigarettes, Officer Apperson asked defendant, "Where is the rest of it at?" Defendant allegedly replied, "It is under the front seat." The defendant did not recall the question being asked. It is undisputed, however, that the officer did not request defendant's permission to enter or search the car. Officer Apperson stated that because of defendant's seemingly cooperative attitude, he did not believe defendant objected to his searching the vehicle. At no time was there any attempt to obtain a search warrant.

When he looked under the front seat of defendant's car, Officer Apperson found a biscuit pan containing cannabis, pills and assorted paraphernalia. The officers then searched the rest of the car, informed defendant he was under arrest and told him to drive his car to the police station. At the station, the defendant was informed of his rights for the first time and placed in a holdover cell for the evening. The following morning Officer Nonn informed defendant of his rights and questioned him about the items confiscated the night before. During this interrogation the defendant admitted the cannabis and the controlled substance belonged to him and admitted that he was guilty of the charges filed against him.

At trial, the defendant's motions to suppress the items confiscated from the defendant's automobile and all the statements related to that evidence were denied. The defendant was found guilty on both counts. Defendant did not file a motion for a new trial.

It is defendant's initial contention that the mere sight of two hand-rolled cigarettes did not furnish the police officer with probable cause to believe that they contained contraband. The State, however, argues that defendant has waived this issue by failing to file a post-trial motion and further argues that the police officer's good-faith belief that the cigarettes contained marijuana was reasonable and that the surrounding circumstances provided corroboration for that conclusion.

• ■■ The State is correct in noting that where a defendant has not filed a post-trial motion, the contentions of errors raised by the defendant, other than those relating to the sufficiency of the evidence and errors not normally included in post-trial motions, are generally deemed waived on appeal. (*People v. Harrawood* (1978), 66 Ill. App. 3d 163, 383 N.E.2d 707.) The State, however, overlooks that the waiver rule does not require the defendant to file a post-trial motion where he is tried before the court and has raised the issue at the trial level. (*People v. Kelly* (1979), 76 Ill. App. 3d 80, 394 N.E.2d 739.) In the present case, the failure of the trial court to suppress the items seized from defendant's automobile and all the statements made by defendant relating thereto constituted error. Accordingly, we reverse the judgment of conviction for both offenses.

A police officer may lawfully seize an item in plain view without a warrant if he views the object from a position where he has a right to be and if the facts and circumstances known to the officer at the time he acts give rise to the reasonable belief that the item seized constitutes evidence of criminal activity. (*People v. Elders* (1978), 63 Ill. App. 3d 554, 380 N.E.2d 10; *People v. Holt* (1974), 18 Ill. App. 3d 10, 309 N.E.2d 376.) "The test of reasonableness with respect to a search or seizure is whether the facts available to the officer at the moment of seizure or search were such as to warrant a man of reasonable caution to believe the action taken was appropriate." (*People v. Caruso* (1971), 2 Ill. App. 3d 80, 81, 276 N.E.2d 112, 113.) We note that the "reasonable belief" necessary to justify the seizure of the item is the same belief that would justify a finding of reasonable or probable cause. See *People v. Holt*.

■ Applying these principles, we do not believe the police officer had reasonable cause to seize the two cigarettes located in plain view in defendant's automobile. All Illinois precedent has held that a police officer's mere observation of a hand-rolled cigarette does not furnish him with reasonable cause to arrest the suspect or make a seizure of the alleged contraband. (*People v. Barker* (1979), 72 Ill. App. 3d 466, 391 N.E.2d 214; *People v. Damon* (1975), 32 Ill. App. 3d 937, 337 N.E.2d 262.) Both *Barker* and *Damon* recognized that not all hand-rolled cigarettes contain marijuana and that the presence of such a cigarette, without other supporting proof, merely creates a suspicion of criminal activity and not reasonable cause that an offense has or is being committed. Such additional proof would, we believe, consist of evidence of the arresting officer's expertise in the area of controlled substances or ability to identify a marijuana cigarette by sight (see *People v. Barker*) or evidence of defendant's attempt to conceal the item, defendant's evasiveness or abnormal physical condition, or the odor of burned marijuana. Compare *Thomas v. Superior Court* (1972), 22 Cal. App. 3d 972, 99 Cal. Rptr. 647, with *Holguin v. Superior Court* (1972), 22 Cal. App. 3d 812, 99 Cal. Rptr. 653.

■ In the instant case, the arresting officer seized the two hand-rolled cigarettes on the mistaken belief that all such cigarettes contain marijuana. It would be untenable to permit the arresting officer to seize the alleged contraband on this basis when other Illinois decisions indicate that the mere sight of a hand-rolled cigarette is insufficient grounds for a finding of reasonable cause. The arresting officer's conclusory and self-serving assertion must be supported by other evidence tending to demonstrate that the items seized were contraband. The record in this case was devoid of any evidence that the arresting officer had the ability to distinguish between ordinary and cannabis cigarettes or had any other expertise in the area of controlled substances justifying the seizure. In

addition, there was no evidence suggesting that the officer was confronted with the situation where defendant engaged in any unusual or evasive activity that would corroborate the officer's suspicions.

■■ The fact that there were several young people unlawfully drinking beer and that the officers had received complaints of drinking in the parking lot does not, as suggested by the State, provide the necessary corroboration for a probable-cause finding that defendant had committed an offense involving a controlled substance. A violation of a city ordinance prohibiting the drinking of beer in a public place does not imply that the violators were also engaging in unlawful drug activity. In any event, at the time of the seizure of the cigarettes, the arresting officer did not know whether defendant had been drinking beer or whether the car belonged to any one of the youths consuming alcoholic beverages. Thus, the facts and circumstances known to the officer at the time he discovered the hand-rolled cigarettes could not give rise to a probable-cause finding that the cigarettes, wrapped in plain ordinary white cigarette paper, contained marijuana.

●■ ■ As the seizure of the cigarettes was unlawful, we find no justification for the arrest of defendant nor the subsequent search of the automobile. The trial court therefore erred in denying defendant's motion to suppress the items found in his automobile. In addition, the statements obtained from defendant following the illegal arrest are likewise inadmissible as the State failed to establish the existence of intervening circumstances which dissipated the taint of the illegal arrest. (*Brown v. Illinois* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254; *Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) Accordingly, the trial court also erred in refusing to suppress these statements.

As the remaining evidence is insufficient to sustain defendant's conviction, we reverse the judgment of the Circuit Court of Madison County. We therefore need not discuss the other issues raised by defendant.

Reversed.

JONES, P. J., and HARRISON, J., concur.