THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JEFFREY TRUE, Defendant-Appellee.

Second District   No. 79-681

Opinion filed June 27, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mirabella & Kincaid, of Wheaton (William J. Scott, Jr., of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County suppressing evidence seized from defendant's automobile and his person.

On April 27, 1979, defendant, Jeffrey True, was arrested and charged with unlawful possession of cannabis and of a controlled substance. He successfully sought suppression of certain marijuana seeds, a plastic bag containing marijuana and a bottle containing a controlled substance, all found inside his automobile, and a second plastic bag of marijuana found on his person. The circumstances surrounding the seizure of these items by a police officer as shown by the evidence are as follows:

At approximately 8 p.m. on April 27, 1979, defendant and his friend, Laura Cameron, had been driving in his automobile on their way to a restaurant when he pulled over against the right-hand curb in a fairly secluded residential area of the Village of Glendale Heights and turned on his emergency flashers. After a few minutes, Officer Robert Radomski, who was on routine patrol by himself in a squad car, pulled up behind defendant's automobile. Radomski testified at the hearing of the motion

to suppress that he had not observed defendant's vehicle violate any traffic laws nor had he seen any other violation of law when he approached it. He also testified that he did not know of any police interest in either that vehicle or its owner when he noticed it parked along the side of the road with its flashers operating. Radomski testified that he walked up to the driver's door carrying a flashlight in order to determine if a "motorist assist" was necessary. As he approached, the officer saw an empty pack of cigarette papers on the ground outside the driver's door and noted that, although it was a rainy night, the papers were dry. He asked True if he had a problem, and defendant replied that the rain was causing his engine to run roughly and he was waiting for it to smooth out.

During this conversation Radomski shined his flashlight through the partially open driver's window into the car and he testified that he then saw 10 to 15 marijuana seeds on the floor of the front passenger's side of the vehicle. After viewing the seeds with the aid of the flashlight Radomski asked both occupants for identification and they each produced their driver's license which he took back to his squad car, returning within a few minutes. The officer asked defendant to get out of the car and stand behind it; he reached into the car to retrieve the marijuana seeds and testified that he then noticed a plastic bag which appeared to contain marijuana protruding from between the driver's seat and the console. The officer also recovered from the car a bottle containing pills which were subsequently determined to be a controlled substance. After removing these items from the vehicle Radomski placed defendant under arrest for possession of marijuana and a controlled substance. A second plastic bag of marijuana was produced by defendant when he emptied his pockets at the officer's request.

True and Cameron both testified she was wearing a full length dress and raincoat which fell about her legs and covered the floor as she sat in the front passenger seat. At the hearing of the motion to suppress, defendant's counsel argued that given the position from which Radomski shined his light he could not have seen the seeds in view of the fact the seeds are greenish-brown and the interior of the car is black and that Cameron's dress covered most of the floor of the passenger side. The trial court, however, did not rule upon that argument but based its determination to suppress the evidence on its understanding of the "plain view" doctrine, as follows:

"For purposes of the record, my ruling was based on what I believe to be the tenor of all these cases regarding plain view, all these cases regarding illegal search and seizure, and that is one of the factors that I think the Court must consider, is the attitude and motive of the police officer who discovers this. And in this case the shining of the flashlight by the police officer, his motive was not to

observe something that was in plain view, but was, in essence, his motive to search the vehicle. And I base that upon what the officer said and what he was really there for. * * * Plain view is obviously an objective test. And things can be in plain view if they are readily available to the naked eye. But by the use of the flashlight and the conduct of the police officer, it brought into question in my mind his motive, and that is why I granted the motion to suppress * * * ."

In its order granting defendant's motion to suppress all of the seized evidence the court held that "the initial shining of the flashlight into the vehicle constituted a search which was invalid."

The question presented for our review is whether the police officer's search of defendant's automobile and his person, and the subsequent seizure of the drugs from him, was authorized under the plain-view doctrine.

It is well established that an officer may lawfully seize an object in plain view without a warrant if he views the object from a position where he has a right to be and if the facts and circumstances known to the officer at the time he acts give rise to a reasonable belief that the item seized constitutes evidence of criminal activity. *People v. Elders* (1978), 63 Ill. App. 3d 554, 380 N.E.2d 10; *People v. Holt* (1974), 18 Ill. App. 3d 10, 309 N.E.2d 376.

The State, relying upon *People v. Epperley* (1975), 33 Ill. App. 3d 886, 338 N.E.2d 581, contends that the use of artificial light to observe that which may be plainly seen does not alter the plain-view doctrine. Defendant readily concedes that issue but argues the officer's act of shining his flashlight into the defendant's automobile was not justified under the circumstances of this case as the officer was unlawfully detaining the defendant at that time. In other words, defendant argues, if an officer is improperly detaining a person then his observations are necessarily made from a place where he has no right to be and evidence of criminal activity, even if in plain view, may not then be lawfully seized.

Defendant notes that *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and its progeny require that any detention must be justified by specific articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the detention. He accurately states that the sight of cigarette papers, without more, cannot give rise to a reasonable belief that the defendant was engaged in criminal activity. (See *People v. Wright* (1980), 80 Ill. App. 3d 927, 400 N.E.2d 731—mere observation of a hand-rolled cigarette does not provide reasonable cause to arrest a suspect or seize alleged contraband.) Defendant relies on *Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391, to support his argument that the officer impermissibly

detained him by asking for his driver's license, contending *Prouse* requires that an officer have an articulable and reasonable suspicion that a motorist is unlicensed, or is involved in some other violation of law, before he can request that he produce a driver's license. *Prouse*, however, concerned the random stop of a moving automobile for that purpose and is thus inapposite to the facts in the present case. See also *People v. Lang* (1978), 66 Ill. App. 3d 920, 383 N.E.2d 782.

In this case Officer Radomski did not stop defendant for investigatory purposes, or at all for that matter, and only requested that he produce his driver's license after observing what the officer believed to be marijuana seeds in the car. At that time the officer was on a public road seeking only to render assistance to a motorist as his duties required him to do. (See *People v. Ledwa* (1980), 81 Ill. App. 3d 276, 401 N.E.2d 298—LSD and marijuana paraphernalia observed through window of a parked automobile which officers approached after seeing defendant slumped over the wheel.) Officer Radomski was clearly in a place he had a right to be when he saw the contraband, and his request for identification was thus made only after he was in the possession of facts giving rise to a reasonable belief of the presence of evidence of criminal activity. In seeking to determine if a motorist was in need of assistance it was eminently reasonable for the officer to use his flashlight as he did. He was patroling alone at night in a secluded area, and the interior of the car was dark. The officer had justification to use his flashlight both to ascertain whether a passenger in the car needed his assistance and to become alerted to possible danger to himself from its occupants. In these circumstances, inadvertently seeing and seizing the marijuana seeds which were in his view will not be considered as a product of an unreasonable search. See *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697.

Finding as we do that the requirements of the plain-view doctrine were met at the time of the seizure of the suppressed material, the contrary judgment of the circuit court of Du Page County is reversed and this matter remanded for further proceedings.

Reversed and remanded.

VAN DEUSEN and WOODWARD, JJ., concur.