THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP DAMON, Defendant-Appellant.

(No. 59522; ▮▮▮▮▮▮▮▮▮▮

First District (2nd Division)—October 7, 1975.

Paul Bradley and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Marcia B. Orr, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

Defendant Phillip Damon, after a nonjury trial, was found guilty of possessing a controlled substance, heroin, in violation of section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402), and was sentenced to a term of nine months in the Illinois State Farm at Vandalia, Illinois. He appeals, arguing that the trial court erred in denying his motion to suppress evidence which he contended was obtained as a result of his being illegally arrested.

At the hearing of his motion to suppress, Chicago Police Officer Peter Bukirai testified that on July 3, 1972, at approximately 3:55 p.m. he responded to the call of a suspicious man at 7901 Vincennes, Chicago,

Illinois. As he entered the building he saw defendant at the top of a staircase with another man. Officer Bukirai said he saw defendant drop a hand-rolled cigarette to the ground. Officer Bukirai picked it up and then arrested the defendant because he suspected the cigarette contained marijuana. A search revealed a brown manila envelope in defendant's possession containing six tinfoil packages of white powder. The packets were subsequently submitted to the Chicago Police Crime Laboratory and an analysis established they contained heroin.

Defendant's only argument in this appeal is that the trial court erred in denying his motion to suppress evidence which was obtained as a result of his illegal arrest. A police officer may arrest without a warrant when he has reasonable grounds to believe that the person is committing or has committed an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2 (c).) Probable cause exists when a reasonable and prudent man, knowing what is known by the arresting officer, would believe the person to be arrested is guilty of a crime. *People v. Harper*, 16 Ill.App.3d 252, 305 N.E.2d 680.

■■■ In the case at bar, defendant, prior to his trial, moved to suppress the evidence seized from his person on the ground that it was a product of an illegal arrest. After defendant made out a prima facie case, the burden shifted to the State to come forward with evidence which would prove that defendant's arrest was based upon probable cause. (*People v. Williams*, 16 Ill.App.3d 440, 306 N.E.2d 678; *People v. King*, 12 Ill.App.3d 355, 298 N.E.2d 715.) The only possible justification for defendant's arrest was Officer Bukirai's testimony that he recovered a hand-rolled cigarette thrown away by the defendant and suspected that it contained marijuana. However, Officer Bukirai did not testify to facts which would have established the basis for his suspicion. Certainly, not all hand-rolled cigarettes contain marijuana. There is nothing in the record which shows how long Officer Bukirai had been a police officer or whether he had ever before seen marijuana and, if so, on how many occasions. Based on the record before us, we must conclude that the State failed to meet its burden of demonstrating sufficient knowledge in the possession of the arresting officer to establish probable cause for defendant's arrest. (See *Thomas v. Superior Court* (1972), 22 Cal. App.3d 972, 99 Cal. Rptr. 647.) Accordingly, we hold that the trial court should have granted defendant's motion to suppress the evidence which was discovered in a search of his person resulting directly from his illegal arrest.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.