**UNITED STATES of America**

v.

**Alvin B. THOMAS, Appellant.**

**No. 76–1250.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 16, 1976.

Decided Dec. 15, 1976.

Arthur L. Fox, Washington, D. C. (appointed by this Court), for appellant.

Lillian A. McEwen, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

The appellant Alvin Thomas was convicted of possession with intent to distribute a Schedule I drug in violation of 21 U.S.C. § 841(a) (1972), a felony. On appeal, Thomas argues (1) that the evidence seized following the warrantless arrest should have been suppressed because probable cause for the arrest was lacking, and (2) that the conviction for possession with intent to distribute was not supported by sufficient evidence.

At the pretrial suppression hearing and at trial, Officer Beard testified that he observed appellant pass to an unidentified male a silver object in exchange for currency. This observation occurred from a rooftop 100 feet away with the aid of 10-power

binoculars. Even though the night was misty, Beard stated that he "could see the silver end of [the tinfoil]" (Tr. 125) and that subsequently he saw appellant count out in his hand other "long rectangular objects" (Tr. 14) taken from the same manila envelope as the object exchanged. If credited by the trial judge, as we assume it was, this testimony indicated that the officer positively identified the silver object as a tinfoil packet [1] prior to ordering appellant's arrest. Because all innocent explanations for this exchange of a tinfoil packet for currency seem so implausible, we affirm the trial court's finding of probable cause.

We do not find it necessary to rely on the "high-crime" character of the neighborhood for our conclusion. Although decisions of this court count this as a relevant factor for probable cause,[2] we are concerned that officers not be encouraged to attach suspicion too readily to the activities of the residents of those neighborhoods simply because they are slum or ghetto areas.

We also find no merit in appellant's claim that the evidence was insufficient to support his conviction. Even assuming that the nine foil packets recovered from Thomas after his arrest contained too little heroin to support an inference of possession with intent to distribute,[3] the jury also could have considered Officer Beard's more directly probative testimony of having observed an actual drug sale by appellant. Accordingly, the conviction is

*Affirmed.*

---

1. Beard, who had made 500–700 drug-related arrests in his career, also testified that from his experience he knew drugs were frequently sold in small, rectangular tinfoil packets stored in manila envelopes (Tr. 6).

2. *See, e. g., United States v. Brown,* 150 U.S. App.D.C. 113, 463 F.2d 949, 950 (1972); *United States v. Davis,* 147 U.S.App.D.C. 400, 458 F.2d 819, 822 (1972).

3. *Compare United States v. Owens,* 344 F.Supp. 1355 (W.D.Tex.1972), *aff'd,* 475 F.2d 759 (5th Cir. 1973) (evidence that addict was caught in possession of 17-day supply of heroin held insufficient to convict him of possession with intent to distribute), *with United States v. Mather,* 465 F.2d 1035, 1037 (5th Cir.), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 685, 34 L.Ed.2d 672 (1972) (possession of 197.75 grams of cocaine worth $2,500 supports inference of intent to distribute).