Costella William **TOBIAS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 10579.

District of Columbia Court of Appeals.

Submitted Dec. 16, 1976.

Decided June 13, 1977.

Richard S. Stern, Washington, D.C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry, and Iraline G. Barnes, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

Appellant appeals from his conviction on a charge of possession of a dangerous drug. D.C.Code 1973, § 33–702. His sole contention is that the trial court erred in denying his motion to suppress the drug found on his person at the time of his arrest. We find this contention to be without merit, and affirm the judgment of conviction.

On June 19, 1975, two officers of the Metropolitan Police Department were parked in the 100 block of 15th Street, S.E. These two officers, both of whom had extensive experience in narcotics law enforcement, were assigned to this area because of its high level of narcotics traffic. They observed appellant walking down the sidewalk carrying a shoulder bag. Appellant reached into the bag, pulled out a small object, and approached another person. He then passed the small object to this person and received an undetermined amount of currency in return. He proceeded down the street and approached a second person to whom he also gave a small object from the shoulder bag and received from him an unspecified amount of currency. Appellant walked to the end of the block as the two officers followed him in their car. He took another small object from his shoulder bag as he neared a group of men standing on the corner. One of the men in the group, in a voice loud enough to be heard by one of the officers, warned appellant that the police were behind him. Appellant looked back at the officers, placed the small object in his shoulder bag, and started across the street. One of the officers identified himself as a police officer and appellant increased his pace from that of a fast walk to that of a run. The officer overtook him and placed him under arrest. A search of the shoulder bag revealed a number of pills containing phenmetrazine.

Appellant principally relies upon four cases to demonstrate that the officer in the instant case had no probable cause to arrest him, thus rendering inadmissible the evidence seized pursuant to that arrest.[1] Curiously, in two of the four cases, this court found that the arresting officers had proba-

1. *Waters v. United States,* D.C.App., 311 A.2d 835 (1973); *Gray v. United States,* D.C.App., 292 A.2d 153 (1972); *Munn v. United States,* D.C.App., 283 A.2d 28 (1971); *Peterkin v. United States,* D.C.App., 281 A.2d 567 (1971), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972). Appellant purports to rely upon a fifth case, *Washington v. United States,* 130 U.S.App.D.C. 144, 397 F.2d 705 (1968). That case is inapposite, however, since there the court never reached the probable cause issue.

ble cause to make the arrests.[2] Appellant claims that these two cases support his contention that no probable cause existed for his arrest because in those two cases a factor not present in the instant case supported the probable cause findings. Thus, in *Munn v. United States*, D.C.App., 283 A.2d 28 (1971), and in *Peterkin v. United States*, D.C.App., 281 A.2d 567 (1971), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972), the vial and the foil packets holding the seized drugs were seen by the arresting officers whereas no such suspicious containers were observed by the officers in the instant case.

Appellant's reliance upon *Munn* and *Peterkin* is misplaced, however. Neither of those cases holds that the elements supporting probable cause in those cases are a prerequisite to a probable cause finding in any other case. In fact, this court has expressly rejected the idea that any one case sets forth in a precedential fashion the necessary prerequisites for a finding of the existence of probable cause. In *Arrington v. United States*, D.C.App., 311 A.2d 838 at 839–40 (1973), we stated:

[P]recedent is obviously helpful, but courts should not enmesh themselves in a dissection of the facts of other cases in an effort to bring each case under consideration definitively within or without what is then deemed controlling precedent. . . . [T]wo cases are seldom sufficiently alike for the first to be an absolute binding precedent for the second.

Of course, as factual similarities become apparent in precedent, the court may look to such precedent for guidance. Ultimately, however, each probable cause case must be decided on a judgment whether what was done was reasonable as viewed from the prospective of the state officer taking the action about which the appellant complains.

Appellant claims that two cases in which this court found that probable cause was absent support his argument that probable cause is similarly lacking in the instant case. In one of the cases, *Gray v. United States*, D.C.App., 292 A.2d 153 (1972), two officers observed the appellant pass money to a person wearing a trench coat shortly after a third man had handed currency to this same person. Since the area was noted for its high narcotics activity, the officers decided to investigate. As the officers approached the group of men, one of the men fled and another walked into a nearby store. One of the officers identified himself as a police officer to the appellant, who took a few steps backward. The officer immediately patted him down, finding the weapon which subsequently became the subject of the motion to suppress. This court held that the weapon should have been suppressed.

In the other case, *Waters v. United States*, D.C.App., 311 A.2d 835 (1973), an officer assigned to a public high school noticed the appellant, who was standing outside the school building, attempting to stuff some money into an envelope. Shortly before this observation, the officer had been informed by the principal that the appellant had just been caught gambling on school property. While the officer watched the appellant, another person known to the officer as a drug addict walked toward the appellant. Both the appellant and this other person turned away from the officer when they became aware of his presence. After attempting unsuccessfully to elicit from the appellant a response to an inquiry as to the contents of the envelope, the officer reached for the envelope. When the officer grabbed the envelope, the appellant started to run away without relinquishing control of it. The envelope tore in half, thus revealing a number of packets containing heroin. The court, holding that the officer seized the envelope without probable cause, reversed the conviction.

█ The facts in *Waters* and *Gray* differ markedly from those present in the instant case. In both *Waters* and *Gray*, appellants never exchanged anything in return for the

---

2. *Munn v. United States, supra; Peterkin v. United States, supra.*

money they received. In fact, in *Waters* it is unclear whether the officer ever saw the appellant receive money from anyone. In the instant case, however, the appellant engaged in two exchanges of small objects for currency and was preparing to enter into a third transaction when he was warned of the presence of the police officers. The exchange of small objects for currency is an important and sometimes decisive factor in determining the existence of probable cause. *See Vicks v. United States,* D.C. App., 310 A.2d 247, 249 (1973). Furthermore, unlike *Waters*[3] and *Gray,* appellant in the instant case attempted to evade the officers by fleeing. Flight, of course, is another important factor in probable cause determination. *See Smith v. United States,* D.C.App., 295 A.2d 64, 66 n. 7 (1972), *cert. denied,* 411 U.S. 95, 93 S.Ct. 1932, 36 L.Ed.2d 414 (1973); *Hinton v. United States,* 137 U.S.App.D.C. 388, 391, 424 F.2d 876, 879 (1969).

■ The instant case thus presents a number of factors which support the trial court's finding that the officer had probable cause to arrest and search the appellant. The officers observed appellant exchange small items for currency; they also saw him place one of those items back in his shoulder bag after he was warned that the officers were near by. And, finally, the appellant fled when the officers attempted to question him. While no one of these factors is necessarily conclusive on the question of the existence of probable cause, these factors, when taken as part of a scheme of activity observed in an area noted for narcotics trafficking by officers experienced in narcotics work, are sufficient to lead such officers to believe that a crime was taking place. Even though there might have been innocent explanations for appellant's conduct, it is not necessary that all innocent explanations for a person's actions be absent before those actions can provide probable cause for an arrest. As this court has noted, the mere possibility of

innocent explanations "would not suffice to diminish the reasonable likelihood of illegality appearing, from the circumstances, to prudent men possessing the knowledge and experience of the officers in the case at bar." *Peterkin v. United States, supra* at 569. We also note the recent opinion of the United States Court of Appeals for the District of Columbia Circuit in which that court affirmed a lower court's probable cause determination "[b]ecause all innocent explanations for [the] exchange of a tinfoil packet for currency seem so implausible . . . ." *United States v. Thomas,* 551 F.2d 347, 348 (D.C.Cir.1976). To the extent that *Thomas* implies that probable cause can only exist when all innocent explanations are implausible, we must make it clear that that statement does not reflect the law in this jurisdiction.

Accordingly, the judgment of conviction is hereby

*Affirmed.*

---

**3.** Although the appellant in *Waters* did attempt to flee, this attempt did not take place until the officer was in the process of seizing the envelope containing the heroin. Thus, the appellant's flight was not a factor in determining whether the officer had probable cause necessary to uphold the search. In the instant case, the flight occurred prior to the seizure.