**UNITED STATES, Appellant,**

v.

**James BOLDEN, Jr., Appellee.**

**No. 80-1195.**

District of Columbia Court of Appeals.

Argued March 12, 1981.

Decided March 23, 1981.

Michael S. Pasano, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellant.

Alan B. Soschin, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and MACK and PRYOR, Associate Judges.

PER CURIAM:

The government appeals from an order suppressing the introduction into evidence of a dangerous drug, phencyclidine (PCP). We reverse.

Although the motions judge made no specific findings of fact, our review of the

---

transcript leads us to conclude that the judge accepted as true the testimony of Officer Tochtermann, the only witness to appear at the suppression hearing.

The facts may be stated briefly. Around 1:15 a. m. on July 14, 1980, appellee and a female companion were sitting in a car. Police Officer Tochtermann approached the car intending to advise the driver to move the car since it was blocking an alleyway. As he approached, he smelled the aroma of marijuana. He also observed the female quickly extinguish a hand-rolled cigarette. Investigating further, he went around to the driver's side and asked appellee for his license and registration. As appellee sought to produce the documents, the officer flashed his flashlight into the car as a safety precaution. He spotted a tinfoil package, wrapped in a manner in which PCP is packaged, on the floor of the car between appellee's legs. Appellee was ordered out of the car and the tinfoil package was retrieved. After examining the package as to odor, the officer "realized" it was PCP * and placed appellee under arrest. A search incident to arrest uncovered five additional packages containing PCP in appellee's front left pocket.

The government contends that the judge erred as a matter of law in ruling that the police officer did not possess the requisite experience to give him probable cause to believe that the tinfoil package, which was in plain view, contained PCP. D.C.Code 1973, § 17–305. The judge relied in part on a statement by the officer, in response to a question posed by the judge, that prior to examining the tinfoil package he "suspected" that it contained PCP. In the judge's opinion the officer's suspicion did not rise to the level of probable cause.

The record reveals that the officer had a total of five years experience as a police officer—two years with the Metropolitan Police Department and three years with the Baltimore Police Department. As part of his Baltimore police training he participated in a one week drug enforcement seminar which included training in how street drugs are packaged. The officer estimated that he had participated in more than 50 drug arrests.

While arrest on mere suspicion is prohibited, "suspicion on reasonable grounds is not mere suspicion." *Bell v. United States*, 102 U.S.App.D.C. 383, 386, 254 F.2d 82, 85, *cert. denied*, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113, *rehearing denied*, 358 U.S. 923, 79 S.Ct. 292, 3 L.Ed.2d 242 (1958). There was more than mere suspicion here where, as a result of Officer Tochtermann's work experience and participation in a drug enforcement seminar, he recognized the smell of marijuana and the telltale fold of a PCP tinfoil package.

In *Durant v. United States*, D.C.App., 292 A.2d 157 (1972), *cert. denied*, 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973), this court affirmed the trial court's refusal to suppress evidence where the officer witnessing the transfer of several tinfoil packets had made about 50 prior narcotics arrests. The court ruled that the suppression issue was controlled by *Munn v. United States*, D.C.App., 283 A.2d 28 (1971) which, like the *Durant* case, involved an officer with "extensive experience in making arrests for narcotics violations". 292 A.2d at 158 n.2. In the instant case, we are unable to distinguish Officer Tochtermann's experience in drug-related arrests from the experience of the officer in *Durant*. We hold as a matter of law that the officer had the requisite experience to determine that the tinfoil package probably contained contraband and this fact, together with his other observations, gave him probable cause to seize the package. Accordingly, we reverse the suppression order.

*Reversed.*

---

* On this record, the officer was lawfully present beside the vehicle when he spotted the tinfoil package. *Jones v. United States*, D.C.App., 391 A.2d 1188 (1978).