John H. SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 80–379.

District of Columbia Court of Appeals.

Argued March 25, 1981.

Decided Sept. 16, 1981.

---

Jay E. Shanklin, Washington, D.C., for appellant.

J. Alvin Stout, III, Asst. U.S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U.S. Atty., John A. Terry, John R. Fisher and Donald L. Golden, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

A jury found appellant, John H. Smith, guilty of carrying a dangerous weapon without a license. D.C. Code 1973, § 22-3204. The court sentenced him as a repeat offender to a prison term of three to ten years. Smith contends on appeal that the trial court should have suppressed the gun, which the police recovered without a warrant from the locked glove compartment of his rental car after he already was under arrest. He argues that the police—who saw the gun through a crack in the glove compartment—committed an unreasonable search because it did not fit within any of the narrowly defined exceptions to the warrant requirement of the Fourth Amendment. We hold that the warrantless search was valid as incident to his arrest. We affirm Smith's conviction.

I.

At approximately 1:55 a. m. on January 18, 1979, Police Sergeant Thomas James, Jr., was driving south on the 1700 block of 9th Street, N.W., when he passed appellant and a male passenger travelling north in a light grey Ford Granada. He had just heard over his radio that there had been an assault six blocks away at 11th and O Streets, and that the suspects had fled in a "white Plymouth or Dodge." Appellant was driving very slowly through the intersection when he made eye contact with Sergeant James. James said that appellant seemed uncertain as to which way to go. Deciding that this was "bizarre," the officer flashed his lights and made a "traffic stop."

James stepped out of his cruiser, and appellant and his passenger got out of their car. Appellant produced his driver's permit but said the car registration was locked in the glove compartment and that he did not have the key. Sergeant James frisked appellant and did not find anything. He then made a flashlight search of the car; again, he found nothing.

James called for assistance, and several officers soon arrived. They radioed back to the assault scene and were told "that should be the car and they should have a gun in it." The officers were instructed to take appellant and his passenger to 11th and O Streets. One of the officers drove the Granada, while another (Johnson) transported appellant and passenger to the scene.

When they arrived at 11th and O Streets, the police took appellant and his passenger out of the police cruiser for a showup be-

# 1068

fore the alleged assault victim. Both were positively identified, and appellant was named as the one who pointed the gun. At this point, the police formally arrested appellant for the alleged assault.

Immediately thereafter, Officer Johnson searched the back seat of his cruiser where appellant had been seated and found a soft leather gun holster. Appellant denied any knowledge of it. In addition, during a search of the area where the assault allegedly had occurred, the police found a round of .380 caliber ammunition.

In the meantime, Sergeant James searched appellant's car. He shined a light into the ⅛th inch crack of the locked glove compartment and saw the outline of a gun. He forced open the compartment and found a loaded gun lying atop the rental agreement (in appellant's name). The police then took appellant and his passenger to the police station, where each was booked for assault with a deadly weapon. D.C. Code 1973, § 22–502. Appellant also was charged with carrying a dangerous weapon without a license. *Id.* § 22–3204. The assault charge later was dropped.

## II.

■ Warrantless searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *Matter of B.K.C.,* D.C.App., 413 A.2d 894, 902 (1980); *Jackson v. United States,* D.C.App., 404 A.2d 911, 918 (1979).

During the course of this appeal, the Supreme Court explicated the exception to the warrant requirement for a search incident to an arrest in the context of the arrest of a suspect in an automobile. *See New York v. Belton,* —— U.S. —— at —— n.3, 101 S.Ct. 2860 at 2864 n.3, 69 L.Ed.2d 768. The Court held that

when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment . . . . [*Id.* at 6 (footnotes omitted).]

The Court specified that the term " '[c]ontainer' . . . includes closed or open glove compartments . . . ." *Id.* at —— n.4, 101 S.Ct. at 2864 n.4.

The question, then, is twofold: (1) whether the police had probable cause to make the arrest and, if so, (2) whether the search of the automobile was a "contemporaneous incident of that arrest." *Id.* at ——, 101 S.Ct. at 2864.[1] If both conditions were met, it follows the search here was reasonable. *Id.*[2]

## III.

■ There is no fixed formula for determining the existence of probable cause; it is, rather, a matter of judgment. *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); *Price v. United States,* D.C.App., 429 A.2d 514, 516 (1981). In general, though, probable cause exists "where 'the facts and circumstances within [the arresting officers'] knowledge, and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959) (citation omitted). *Accord, Wray v. United States,* D.C.App., 315 A.2d 843, 845 (1974). The court must look to "the factual and practical considerations of everyday life on

1. The Supreme Court applied this second criterion to the facts in *Belton, supra,* in the following words: "The search of the respondent's jacket followed immediately upon that arrest." *Id.* at ——, 101 S.Ct. at 2865.

2. There is no question here of appellant's standing to challenge the search and seizure. *Compare United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

which reasonable and prudent men, not legal · technicians, act." *Brinegar, supra* at 175, 69 S.Ct. at 1310.

■ We conclude that, under all the circumstances here, the police officers had probable cause to believe that appellant had committed the assault by the time they placed him under formal arrest and searched the glove compartment. Appellant's halting approach to the intersection upon seeing the police, late at night, six blocks from the scene of an alleged assault (of which Sergeant James was aware) justified James in making an investigatory stop of the car. *Irby v. United States*, D.C.App., 342 A.2d 33, 37 (1975). Although the protective frisks and flashlight search of the car revealed nothing, Officer Johnson's arrival brought news that the Granada was the likely escape car and that it should contain a gun. At that point the police transported appellant and his passenger to 11th and O Streets for a showup—which appellant does not contest. *Compare United States v. Short*, 187 U.S.App.D.C. 142, 145 & n.7, 570 F.2d 1051, 1054 & n.7 (1978) *and United States v. Wylie*, 186 U.S.App. D.C. 231, 239, 569 F.2d 62, 70 (1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978) *with Dunaway v. New York*, 442 U.S. 200, 216, 99 S.Ct. 2248, 2258, 60 L.Ed.2d 824 (1979). At the showup, the assault victims positively identified appellant as the man who held the gun. The police thereupon placed appellant under formal, custodial arrest. Immediately thereafter, the police found ammunition at the scene and a leather holster in the police cruiser where appellant had been sitting.

Under these circumstances, the police officers had probable cause to believe that appellant had committed a crime involving a gun. Accordingly, the officers constitutionally searched the interior of appellant's car (including the glove compartment) without a warrant, for the search was a "contemporaneous incident" of a "lawful custo-

dial arrest." *Belton, supra* —— U.S. at ——, 101 S.Ct. at 2864.[3]

*Affirmed.*

---

**3.** Because of our disposition of this case, we need not consider whether the "automobile exception" to the warrant requirement also justi-

fied this search. *See Belton, supra* at —— n.6, 101 S.Ct. at 2865 n.6.