**WASHINGTON PUBLIC INTEREST ORGANIZATION, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

**No. 80–781.**

District of Columbia Court of Appeals.

Argued Aug. 19, 1981.

Decided Nov. 9, 1981.

Gilbert Hahn, Jr., Washington, D. C., for appellants.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before KERN, HARRIS and MACK, Associate Judges.

KERN, Associate Judge:

This is an appeal from the trial court's denial of appellants' petition for the attorneys' fees and court costs they incurred in litigation with the District of Columbia.[1] The court ruled that appellants were the prevailing parties but had failed to bring themselves within the limited exceptions to the so-called American Rule,

1. The fee amounted to some $23,000.

which bars recovery of such costs by the prevailing party in a lawsuit.[2] *District of Columbia v. Green*, D.C.App., 381 A.2d 578, 580 (1977).

The threshold issue posed by this appeal is whether appellants are in fact the prevailing parties in the court action they initiated in 1975 against the District. The record reflects that appellants filed a complaint for a declaratory judgment and injunctive relief against the District and certain of its officials and several individual defendants.[3] Over the next few months, answers were filed, discovery undertaken and the complaint against one such individual defendant, Browning-Ferris Industries (BFI), was by praecipe dismissed with prejudice and BFI was dropped from the case.

In December 1975, the District filed a motion to dismiss the complaint as a class action, and for judgment on the pleadings or, in the alternative, for summary judgment. This motion was argued in April 1976 but never decided. In December 1976, appellants by letter advised the trial court that because "the major objectives of its action have been achieved ... plaintiffs are willing to terminate the litigation without trial...." Appellants asserted in this letter to the court that "the largest known outstanding claim [for trash fees due the

District] has been adequately settled for $52,000" and "plaintiffs ... believe they are entitled to a fee and costs for creating the fund [of $52,000]."[4]

The trial court, after reviewing the record and hearing argument, concluded that appellants "have the right to move for counsel fees as prevailing parties."[5] The court, while acknowledging that no judgment had ever been obtained by appellants, reached the conclusion that the "complainants' [appellants] action had a causative effect on the government's decision" to reach a settlement with BFI in their dispute over trash fees due and owing by BFI to the District. As noted above, the trial judge also concluded that appellants were not entitled to counsel fees since the District had not acted in bad faith and the $52,000 did not constitute a common fund within the meaning of the Supreme Court's holding in *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1970).

■ The difficulty with the trial court's conclusion that appellants were the prevailing parties in this litigation because their suit caused the District to recover from BFI for its treasury the amount of $52,000, is two-fold: first, appellants dismissed their complaint as to BFI and agreed to the

2. These exceptions are when the losing party vexatiously and wantonly acts in bad faith, or when the prevailing party has protected a common fund or created a common benefit. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 265 n.39, 95 S.Ct. 1612, 1625, n.39, 44 L.Ed.2d 141 (1970) (one who preserves or recovers a fund for himself *and* the benefit of others may recover his attorney's fees from the fund or from the others who enjoyed the benefit).

3. The complaint was denominated a class action on behalf of all real property taxpayers in the District.

   The complaint in pertinent part requested the court: to require the District "to collect from defendants Browning-Ferris Industries, Inc. and Calhoun Trash Service and others similarly situated ... the ... charge required"; to appoint a special master "to determine the ... amount of trash collection fees due from each private trash collector owing ... to the District of Columbia"; and, "for a judgment against each ... delinquent private trash collector for the

amount determined to be due by the ... special master."

4. The background of the settlement referred to was this: BFI and the District were in disagreement over the total amount of fees owed by the former for deposit of solid waste at the District's various places of trash disposal. In 1974, a District official agreed to a certain amount that BFI owed and would pay. In 1975, the District, acting through the Corporation Counsel, disavowed the authority of the official to fix that amount. In 1976, the District and BFI reached a formal agreement whereby BFI paid the District $52,000 to settle the dispute.

5. Since the trial court took no testimony but rested its conclusion that appellants were the prevailing parties upon an examination of the record of prior pleadings, we are able to undertake a similar review and reach a conclusion without the need to defer to the trial court on issues of credibility.

removal of BFI from the instant case *before* the settlement between BFI and the District ever occurred, and second, the District had concerned itself with the claim for trash fees due and owing by BFI prior to appellants' filing suit. Thereafter, the District, by Corporation Counsel, achieved resolution of this claim by negotiation entirely independent of appellants' suit.[6]

Appellants urge that their agreement by praecipe to allow BFI out of the instant litigation was occasioned by the District's deliberate suppression during discovery of an intra-government report and appellants' consequent ignorance of the District's potential claim against BFI. However, appellants were aware of the amount due and owing by BFI to the District and their complaint sought relief, among other ways, in the form of requiring the District to collect from BFI. Thus, we are not persuaded that the failure of appellants during the pretrial discovery to have access to this particular intra-government report had the effect of lulling or otherwise misleading them into dismissal of their complaint against BFI. In sum, appellants cannot now be heard to explain away *their* decision to eliminate BFI as a party defendant from the instant case on the ground that such action on their part was the fault of the District.

Appellants also argue in support of their contention that they are the prevailing parties in this litigation and hence entitled to payment of their counsel fees the following: that had they not brought suit in 1975 the District would never have pursued to a settlement in 1976 the claim in the amount of $52,000 for past trash fees due and owing by BFI. The record, however, belies this argument; the District's audit of and inspection into the matter of collection of fees from companies engaged in private trash-hauling, including BFI, was a matter of public record and the subject received both official and press scrutiny by the time ap-

pellants filed their suit. Specifically, the adjustment by an official of the District in 1974 of the amount owed by BFI was reported in the press and was also the subject of a review by the District before appellants even brought their suit. We decline to speculate that had appellants not commenced to litigate the District would have ceased its efforts at that point in 1975 and *not* effected the $52,000 settlement in 1976.

The trial court, in reaching its conclusion that appellants were the prevailing parties despite the fact that they did not obtain judgment, relied upon *Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 553 F.2d 1360 (1977), for the proposition that a "judgment is not an absolute prerequisite to an award of attorneys' fees." *Id.* at 180, 553 F.2d at 1364. Preliminarily, we note that the federal court of appeals there was construing a statute that permitted an award of counsel fees in any case under the Freedom of Information Act "in which complainant has *substantially* prevailed." *Id.* at 186 n.1, 553 F.2d at 1362 n.1 (emphasis supplied). More importantly, there was "a lengthy record of tedious litigation" covering eight years "with review by a special master pending," *id.* at 187, 553 F.2d at 1363, as that court pointed out, when the government finally released the specific document the appellants had so long sought. The court of appeals upon the record concluded:

> Appellant's action had a causative effect on the government's decision. The government decided to surrender the Manual [the document sought] rather than go through a review by the special master. The case would never have reached the status it did if appellant had not doggedly pursued the matter. [*Id.* at 189, 553 F.2d at 1365.]

With all deference to the undoubtedly public-spirited motivation of appellants in attempting by litigation in 1975 to encourage the District government to operate its

---

6. We recognize that the trial court denied appellants their attorneys' fees on a ground other than that upon which we rely. However, the District could properly argue that ground, *viz.*, appellants were not the prevailing parties, be-

cause their lawsuit did not cause the $52,000 settlement. *Dandridge v. Williams*, 397 U.S. 471, 475 n.6, 90 S.Ct. 1153, 1156–1157, n.6, 25 L.Ed.2d 491 (1969).

trash-disposal function more effectively for the benefit of all citizens, we are unable to say upon this record that the District's settlement of its claim for fees past due with BFI in 1976 for $52,000 would never have been reached but for appellants' lawsuit.

Accordingly, the court's denial of appellants' counsel fees and court costs was correct under the particular circumstances of the instant case and it must be and is

*Affirmed.*