UNITED STATES of America, Appellant,

v.

Dorothy A. McCARTHY, a/k/a Olivia Reid, Appellee.

UNITED STATES of America, Appellant,

v.

Milton ALSTON, Appellee.

Nos. 81–746, 81–747.

District of Columbia Court of Appeals.

Argued April 28, 1982.

Decided July 21, 1982.

As Amended Sept. 3, 1982.

Alan D. Strasser, Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, Michael W. Farrell, and Leonard E. Birdsong, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Melvin A. Marshall, Washington, D. C., for appellee McCarthy.

Daniel J. Slattery, Washington, D. C., for appellee Alston.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

The trial court granted appellees' motion to suppress statements and tangible evidence on the ground that a warrantless seizure of marijuana and a gun from the passenger compartment of an automobile violated their Fourth Amendment rights. We conclude that the court erred in granting the motion because it relied on only one of several relevant factors for its determination that the police officers lacked probable cause. Accordingly, we reverse the suppression order.[1]

I.

Appellees, Milton Alston and Dorothy McCarthy, were charged with carrying a pistol without a license, D.C.Code 1973, § 22–3204, failure to register a firearm, D.C.Code 1978 Supp., § 6–1811(a), unlawful possession of ammunition, D.C.Code 1978 Supp., § 6–1861(c), and unlawful possession of marijuana, D.C.Code 1973, § 33–402(a). Appellee Alston was charged, in addition, with obliterating identifying marks on a pistol, D.C.Code 1973, § 22–3212, and unlawful possession of heroin. D.C.Code 1973, § 33–402(a). Appellees moved to suppress all statements and evidence.

At the motions hearing, Metropolitan Police Officer Albert Arrington testified that at about 6:00 P.M. on May 20, 1980, he and two fellow officers were on plainclothes narcotics duty, patroling the 5600 block of Southern Avenue, S.E., in an unmarked cruiser. Arrington saw appellees sitting in a parked car. Alston was in the driver's seat; McCarthy was in the front passenger seat. Alston was talking to a man (later identified as William Clark) through the driver's window and was emptying the car's ashtray into the street. Officer Arrington said, "I noticed that he wasn't just dumping all the ashes, he was apparently picking particular butts and ashes out."

The police cruiser pulled up alongside appellees' car. While still seated in the cruiser, Arrington identified himself as a police officer, informed Alston and Clark that they were littering, and asked them to remove the butts from the street. Clark began to pick up the butts, but when Arrington got out of the cruiser, Clark ran away.

Arrington walked the few steps to appellees' car and looked inside through the driver's open window. He saw the butt of a handrolled cigarette in the open ashtray. Arrington told appellees that he saw what he believed was a marijuana cigarette in the ashtray; he advised them of their *Miranda* rights.[2] Arrington asked Alston to get out of the car, then entered the car himself and retrieved the cigarette. As Arrington started to get out of the car, his elbow bumped something. He turned and saw a revolver handle protruding from a plastic bag. He seized the gun, the bag, and a holster.

---

1. The government asserts—for the first time on appeal—that appellant McCarthy lacked standing to challenge the constitutionality of the seizure. We assume for the sake of argument that McCarthy had the necessary standing.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Arrington asked McCarthy whether she had any other drugs. She removed a hand-rolled cigarette from her purse and gave it to him. Arrington then searched her purse, recovering an envelope of suspected marijuana and a pistol. Arrington formally arrested both Alston and McCarthy, again advised them of their rights, and took them to the Sixth District police station. There, Arrington searched Alston and recovered suspected narcotics.

Alston testified that he had been sitting in a borrowed car, talking to his friend Clark and smoking a Salem cigarette, when Arrington pulled up. Alston tossed the cigarette out the window, and Arrington emerged from the police cruiser and ordered him to pick it up. (Alston denied emptying the ashtray onto the street.) Clark picked up the cigarette and walked away toward a dumpster. Alston testified that, although the car's ashtray was closed, Arrington stuck his head through the open driver's window and asked, "What's that in the ashtray?" Alston asked Arrington what he meant, and Arrington said, "I see it sitting in the ashtray, that roach." Arrington read Alston his rights and told him to get out of the car. Arrington then entered the car, opened the ashtray, and removed a roach. Alston said he had not known the roach was there.

The trial court credited Officer Arrington's testimony rather than Alston's and concluded that Arrington had a right to be in the position from which he saw the cigarette in the open ashtray. The court determined, however, that Arrington did not have probable cause to believe the cigarette was contraband and thus was not justified in entering the car and seizing it. The court ruled, accordingly, that the cigarette, the guns, the other narcotics, and all statements must be suppressed since each was derived from the initial, unlawful entry and seizure. The government filed a timely notice of appeal.

## II.

The Supreme Court recently announced in *United States v. Ross*, —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), that the "automobile" exception to the warrant requirement applies to searches of vehicles that are supported by probable cause to believe the vehicle contains contraband, and that the exception "justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at ——, 102 S.Ct. at 2172. Less than a year earlier, the Court held in *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile" (footnotes omitted). *See (John) Smith v. United States*, D.C. App., 435 A.2d 1066, 1068 (1981) (per curiam), *cert. denied*, —— U.S. ——, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982). Thus, Officer Arrington's entry into appellees' car and his consequent seizure of the cigarette and the gun were justified if he had probable cause to believe the cigarette, observable in the open ashtray, was marijuana.[3]

While "we give deference to the trial court's findings of fact as to the circumstances surrounding [appellees'] encounter with the police," *Giles v. United States*, D.C.App., 400 A.2d 1051, 1054 (1979), the question whether those circumstances gave Officer Arrington probable cause to believe the cigarette was contraband is a question of law for this court. *See United States v. Childs*, D.C.App., 379 A.2d 1188, 1191 (1977) (per curiam); *cf. United States v. Allen*, D.C.App., 436 A.2d 1301, 1308 (1981) (when seizure occurs is question of law); *Giles, supra* at 1054 (when arrest occurs is question of law).

---

**3.** It would be immaterial that Arrington did not formally arrest appellees until after he seized this evidence, as he would have had probable cause to arrest them before he made the seizure. *Glass v. United States*, D.C.App., 395 A.2d 796, 804 (1978); *Irby v. United States*, D.C.App., 342 A.2d 33, 38 (1975); *see United States v. Brown*, —— U.S.App.D.C. ——, ——, 671 F.2d 585, 587 (1982) (search is valid if "undertaken as an integral part of lawful custodial arrest process").

There is probable cause to believe that an object is evidence of a crime when "the facts and circumstances within [the arresting officer's] knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in [that] belief . . . ." *(John) Smith, supra* at 1068 (quoting *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959)). Contrary to the trial court's exclusive focus on the cigarette in the open ashtray, a number of factors combine to create probable cause in this case.

First, Arrington was a seven-year veteran of the Sixth District Vice Unit (and had attended two, two-week drug enforcement training courses). Although he testified that it was "possible" he had been observing a tobacco cigarette, he believed the handrolled cigarette was marijuana, as he had participated in more than 1,000 drug arrests and had seen many handrolled marijuana cigarettes like "the one we are referring to here." It is well settled that an officer's familiarity with the packaging of illegal drugs is a relevant factor in determining probable cause. *Thompson v. United States*, D.C.App., 368 A.2d 1148, 1150–51 (1977) ("bulky," "ununiform" cigarette); *Johnson v. United States*, D.C.App., 367 A.2d 1316, 1318–19 (1977) (brown paper bag which, when squeezed, seemed to contain soft material).[4]

Second, as Arrington approached appellees' car, he saw Alston sorting through the contents of the ashtray. This behavior was unusual; moreover, it involved the ashtray—the spot where Arrington later saw the cigarette. *Cf. Price v. United States*, D.C.App., 429 A.2d 514, 518 (1981) (noting that contraband was discovered in part of car at which defendant's "furtive gesture" had been directed).

Third, it is of some significance in the circumstances here that appellees' companion fled when Arrington, who had identified himself as a police officer, got out of the cruiser. *Tobias v. United States*, D.C.App., 375 A.2d 491, 494 (1977) (flight is "important factor in probable cause determination" if circumstances limit its ambiguity); *United States v. Davis*, 147 U.S.App.D.C. 400, 403, 458 F.2d 819, 822 (1972) (flight is "legitimate factor"); *see (Milton) Smith v. United States*, D.C.App., 295 A.2d 64, 66 & n.7 (1972) (flight of defendant's companion was factor justifying investigative stop of defendant; dicta that flight "may always be considered on the issue of probable cause and may tip the scales"), *cert. denied*, 411 U.S. 951, 93 S.Ct. 1932, 36 L.Ed.2d 414 (1973).

Finally, appellees' arrest occurred on a block where Arrington personally had made more than 25 (and possibly 50 or more) drug arrests. The high narcotics character of an area is relevant, in combination with other factors, to a probable cause determination. *See Munn v. United States*, D.C.App., 283 A.2d 28, 30 (1971); *Peterkin v. United States*, D.C.App., 281 A.2d 567, 568 (1971), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); *United States v. White*, 211 U.S.App.D.C. 72, 74, 655 F.2d 1302, 1304 (1981) (per curiam).

While none of these factors known to Arrington was alone sufficient to create probable cause for believing that the cigarette in the ashtray was marijuana, taken together they were sufficient. *See Price, supra* at 518–19; *United States v. Wheeler*, 148 U.S.App.D.C. 204, 205, 459 F.2d 1228, 1229 (1972). The trial court erred because it considered only one of these factors in making its probable cause determination: the existence of a handrolled cigarette.[5]

---

4. *See Price v. United States*, D.C.App., 429 A.2d 514, 516 (1981) (manila "coin" envelope); *United States v. Bolden*, D.C.App., 429 A.2d 185, 186 (1981) (per curiam) (tinfoil packet); *United States v. Russell*, 211 U.S.App.D.C. 31, 32–33, 655 F.2d 1261, 1262–63 (1981) (clear package containing white powder and "brown, change-type bag"), *vacated in part*, —— U.S. App.D.C. ——, 670 F.2d 323 (1982); *United States v. Davis*, 147 U.S.App.D.C. 400, 401, 458 F.2d 819, 820 (1972) (small brown package).

5. The cases relied on by the trial court lacked a combination of factors. *See Thomas v. Superior Court*, 22 Cal.App.3d 972, 976, 99 Cal.Rptr. 647, 650 (1972) (sight of handrolled cigarette does not alone constitute probable cause; no evidence that officer had narcotics experience enabling him to recognize marijuana); *People*

■ The court apparently considered only this factor because Officer Arrington, when he testified, did not state explicitly that he relied on his expertise or considered the other factors in deciding to seize the cigarette. A seizure is not necessarily void if police do not articulate their thoughts in detail. The trial court erred in ruling, in effect, that Arrington was required to do more than recount the facts leading up to the seizure. Absent evidence of another motive, the only reasonable inference that could be drawn from Arrington's testimony was that he acted on the basis of all the facts he recited. *See Vance v. United States,* D.C.App., 399 A.2d 52, 58 (1979) (where no specific questions were asked regarding officer's motive in entering room, his failure to state explicitly that he entered for a permissible purpose was "not entitled to controlling weight," and inference that he entered for proper purpose was reasonable); *Bell v. United States,* 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86 (1958) ("question is not what name the officer attached to his action; it is whether, in the situation in which he found himself, he had reasonable ground" for his action).

■ In summary, Arrington had probable cause to believe the cigarette was marijuana. Therefore, Arrington's entry into the car and seizure of the cigarette, resulting in seizure of the gun on the seat, falls within both the automobile and the search-incident-to-arrest exceptions to the Fourth Amendment's warrant requirement. *Ross, supra* —— U.S. at ——, 102 S.Ct. at 2163; *Belton, supra* 101 S.Ct. at 2864. The subsequent seizures of other narcotics and of appellee McCarthy's gun accordingly were valid, as will be the admission into evidence of appellants' statements, which were obtained after proper *Miranda* warnings.

We reverse the suppression order.

*Reversed.*

---

v. *Barker,* 72 Ill.App.3d 466, 470, 29 Ill.Dec. 55, 59, 391 N.E.2d 214, 218 (1979) (same); *People v. Damon,* 32 Ill.App.3d 937, 938, 337 N.E.2d 262, 263 (1975) (per curiam) (same).

Cases in which this court has held there was no probable cause also lacked the multiple factors present in this case. *See Jones v. United States,* D.C.App., 391 A.2d 1188, 1191 (1978) (no probable cause where one of two men sitting in car late at night in high crime area attempted to hide something under his seat when police approached); *Arrington v. United States,* D.C.App., 382 A.2d 14, 18 (1978) (no probable cause where "one who was found operating a motor vehicle while his license was suspended made 'furtive movements' and . . . a brown paper bag partially protruded from beneath the seat"); *Christmas v. United States,* D.C.App., 314 A.2d 473, 475 (1974) (sight of medicine vial with prescription label does not constitute probable cause; no evidence that officer had narcotics experience).